UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHAREEF ABDUL QADEER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 04-12195-REK |
| SUFFOLK SUPERIOR COURT PROBATION | ) |
| and | ) |
| WORCESTER SUPERIOR COURT | ) |
| PROBATION, | ) |
| | ) |
| Defendants. | ) |

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

For the reasons stated below, the motion for a temporary restraining order is denied.

FACTS

On October 20, 2004, plaintiff Shareef Abdul Qadeer filed an application to proceed in forma pauperis and a complaint seeking "immediate relief" from a directive from the Suffolk Superior Court Probation office that, as a condition of his probation, Qadeer may not "live, work, or pray where ever [sic] children are present." Compl.

According to the "Superior Court Probation Contract" of the Worcester County Superior Court (the "Contract") attached to his complaint, on September 21, 2004, Qadeer agreed that conditions of his probation include "[n]o contact with children under the age of

16" and "[n]o employment that involves children or has contact with children under 16."  Id.

Qadeer alleges that he is currently living at a mosque complex in Roxbury, MA.  A family with two small children also lives in the same building, but in a separate apartment.  In the course of his worship, Qadeer "pray[s] with children under the age of 16" but is allegedly "never alone with any children."  Id.

Qadeer claims that on October 20, 2004, an unnamed officer of the Suffolk Superior Court Probation "stated that [Qadeer] could not live, work or pray at [his] mosque or any other mosque where children under 16 are present" and that Qadeer "cannot live, work or pray where children are present."  Id.  Qadeer alleges that this prohibition violates his right "to freedom of religion," and states that children under the age of sixteen are present at "practically every [apartment] or house."

Qadeer asks that the Court construe the term "contact" in his probation contract.  He seeks "immediate relief as this is the Month of Ramadan, and [he] wish[es] to stay in the Mosque and continue my work there [a]s [he] ha[s] no place to live or a job."  Id.  He also requests unspecified damages.

## ANALYSIS

Although Qadeer has not filed a formal motion for a

temporary restraining order, the Court will consider his request for "immediate relief," as a motion for a temporary restraining order.  A party seeking an ex parte temporary restraining order must allege, in an affidavit or verified complaint, that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b).[1]

    The applicant must also certify the efforts, if any, which have been made to give that notice and the reasons supporting the claim that notice should not be required. Id.  The certification requirement affords the defendants a minimum of due process.  Thompson v. Ramirez, 597 F. Supp.

---

[1] Rule 65(b) states that:
> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties).

Here, Qadeer's request for a temporary restraining order fails because he has not certified his efforts to notify defendants of this motion. I therefore DENY his motion for a temporary restraining order.

## CONCLUSION

ACCORDINGLY, I DENY the motion of Qadeer for temporary injunctive relief. Nonetheless, I GRANT the motion of Qadeer to proceed in forma pauperis and order that summonses to the above-named defendants be issued.

SO ORDERED.

Dated at Boston, Massachusetts, this 20th day of October, 2004.

s/NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE