UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHAREEF ABDUL QADEER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-12195-REK |
| SUFFOLK SUPERIOR COURT PROBATION and WORCESTER SUPERIOR COURT PROBATION, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**OPPOSITION TO REQUEST FOR PRELIMINARY INJUNCTION**

**Introduction**

Defendants Suffolk County Superior Court Probation Department and Worcester County Superior Court Probation Department (collectively, "Defendants") hereby submit the following opposition to the plaintiff's request for a preliminary injunction. As grounds for this opposition the Defendants state that the plaintiff's motion for a preliminary injunction should be denied, and the plaintiff's complaint should be dismissed in its entirety, because (1) the plaintiff's claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) the plaintiff's claim is also barred by the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971).

**Background**

Plaintiff's State Criminal Case

On June 9, 1999, the plaintiff was indicted in the Worcester County Superior Court on twenty-two (22) charges of indecent assault and battery on a child under 14 years of age and on

two charges of enticement of a child into child pornography.  *See* Docket Sheet for Worcester County Superior Court Action No. 1999-00274, attached hereto as Exhibit A; *see also* Superior Court Probation Contract, attached hereto as Exhibit B (showing that the plaintiff, now known as Shareef Qadeer, was formerly known as Glen Wheeler).  On June 15, 2000, the plaintiff pled guilty to all of the charges against him.  *See* Docket Sheet, Exhibit A.

On June 20, 2000, Justice Timothy S. Hillman of the Worcester County Superior Court sentenced the plaintiff to a term of three to five (3-5) years in the state prison at Cedar Junction.[1] *See* Docket Sheet, Exhibit A.   Judge Hillman also sentenced the plaintiff to a term of ten (10) years' probation to be served after the completion of his prison sentence.  *See id.*   At the time he imposed the sentences, Judge Hillman set conditions of probation for the plaintiff, including the conditions that the plaintiff was required to "[p]articipate in/comply with Sex Offender Counseling," and that the plaintiff was to have "[n]o contact with children under the age of 16" and "[n]o employment that involves children or has contact with children under 16." *See* Probation Contract, Exhibit B.

The Plaintiff's Post-Release Probation

On September 20, 2004, the plaintiff was released from prison and placed on probation. *See* Affidavit of Andrew Peck (hereinafter, "Peck Aff."), attached hereto as Exhibit C, ¶ 2.  The terms of the plaintiff's probation were set forth in a Probation Contract, which was signed by the plaintiff.  *See* Probation Contract, Exhibit B.  The Probation Contract makes it clear that the plaintiff must report to his Probation Officer if the Probation Officer so requires, and that if the

---

[1] The 3-5 year sentence was for the first of the 24 offenses with which the plaintiff was charged.  *See*  Docket Sheet, Exhibit A.  The plaintiff also received a concurrent 3-5 year sentence on counts 2-22 of the indictments against him. *See id.*

plaintiff violates the conditions of his probation the Worcester County Superior Court may "change the conditions [of probation], extend the period of probation or impose sentence." *See id.*

The plaintiff's probation was -- and still is -- supervised by the Worcester County Superior Court Probation Department. *See* Peck Aff., ¶ 3; *see also* Affidavit of Sandy J. Stillwell (hereinafter, "Stillwell Aff."), attached hereto as Exhibit D, ¶¶ 2, 8. After his release, however, the plaintiff moved to Boston, Massachusetts, which is in Suffolk, rather than Worcester, County. *See* Complaint; *see also* Peck Aff., ¶¶ 3, 6-7; Stillwell Aff., ¶ 3. Because the plaintiff was residing in Suffolk County, the Suffolk County Probation Department agreed to conduct certain limited supervision of the plaintiff for the convenience of the Worcester County office and of the plaintiff. *See* Peck Aff., ¶ 3; Stillwell Aff., ¶¶ 2, 8.

Soon after the plaintiff's release, both the Suffolk and Worcester County Probation Departments learned that the plaintiff was in violation of certain conditions of his probation. *See* Peck Aff., ¶¶ 4-7; Stillwell Aff., ¶ 4. Among the violations which the probation offices noted were: the plaintiff failed to enroll in Sex Offender counseling; failed to submit to a psychological evaluation; and failed to maintain compliance with the state's Sex Offender Registry. Peck Aff., ¶¶ 4-6. Also among the violations of the plaintiff's Probation Contract was the plaintiff's living situation, which put him into contact with children, in violation of his probation terms. *See* Peck Aff., ¶¶ 4-7; Stillwell Aff., ¶ 4. Based on the violations of his probation terms, the plaintiff was told that he needed to report to the Worcester County Probation Department. When the plaintiff failed to appear, a Justice of the Worcester County

Superior Court ordered the issuance of a warrant for his arrest.[2]  Peck Aff., ¶ 10.

## The Instant Federal Case

In his federal court complaint, the plaintiff asserts that his First Amendment right to practice his religion is being infringed by the terms of his probation, particularly the provisions which require him to stay away from children.  As relief, the plaintiff seeks to have this Court define the level of "contact" which he may have with persons under the age of 16, and to declare that he is permitted to continue to live, pray, and work in the mosque in which he currently resides, and other damages.  *See* Complaint, p. 4.

## **Argument**

### **The Plaintiff Does Not State an Actionable Claim under 42 U.S.C. § 1983**

The plaintiff's complaint does not mention specifically the statute or cause of action which brings him before this Court.  However, since he seeks an order stating that the Defendants have violated his First Amendment rights and damages, the plaintiff's complaint appears to sound under 42 U.S.C. § 1983, which creates a cause of action against "every person" who "under color or [state law], subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution . . . ."  42 U.S.C. § 1983.

A.     The Plaintiff's Claim in Barred by the Supreme Court's Decision in *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).

In his complaint, the plaintiff seeks to have this Court rule that the terms of his probation sentence are invalid because they impermissibly infringe on his right to practice his religion, as

---

[2] The warrant is being held until tomorrow so that the hearing in the instant federal case may go forward.

guaranteed by the First Amendment. The plaintiff's complaint fails, however, and his motion for a preliminary injunction must be denied, because the Supreme Court has ruled that a federal court may not grant relief under Section 1983 which would imply that a state court sentence is invalid unless that sentence has already been invalidated by the state or by a federal habeas court. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).

A claim under 42 U.S.C. § 1983 that is based on "an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). Accordingly, the Supreme Court in *Heck* held that

> in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted); *accord Edwards v. Balisok*, 520 U.S. 641, 643 (1997); *Figueroa v. Rivera*, 147 F.3d 77, (1st Cir. 1998). If the sentence or conviction has not been invalidated, the claim is not cognizable under § 1983. *Heck*, 512 U.S. at 486-87.

In *Edwards*, the Supreme Court extended the *Heck* bar to § 1983 actions that do not directly challenge confinement, but which nevertheless imply that the plaintiff's conviction or sentence was unlawful. *See Edwards*, 520 U.S. at 645-48. Specifically, the Court held that a prisoner's § 1983 suit alleging, *inter alia*, improper restrictions on the prisoner's ability to call witnesses, was not cognizable where the hearing resulted in a revocation of the prisoner's accrued good-time credits. *Id.* at 648. The Court found no distinction between challenges to the procedures used and challenges to the result of the hearing. *Id.* at 644. The Court explained that

even though the prisoner did not request the restoration of his good-time credits, a ruling in his favor on his procedural claims necessarily would vitiate the administrative decision revoking his good-time credits. As a consequence, consistent with *Heck*, the Court held that his § 1983 claim was not cognizable until the prison's decision had been overturned through administrative channels or by a state court or a federal court in a habeas proceeding. *See id.* at 648.

Here, the plaintiff's claim fall squarely within *Heck*. A judgment in the plaintiff's favor would "necessarily imply" that one or more terms of his current probation are unlawful. Specifically, the plaintiff asks this Court to determine that the condition of his probation which states that he must stay away from children is invalid and to permit him reside and work in a facility in which children are present. *See generally*, Complaint. Such a change in his probation would require a finding that the original terms of his probation were unlawful. *See, e.g., Heck*, 512 U.S. at 490; *Edwards*, 520 U.S. at 645-48.

The plaintiff's complaint cannot escape being barred by *Heck* because the plaintiff does not allege, nor could he prove, that his probation has been reversed, overturned, or otherwise terminated in his favor. Moreover, the plaintiff's probation is a criminal "sentence" subject to *Heck*. As the Supreme Court explained in *Griffin v. Wisconsin*, 483 U.S. 868 (1987):

> [p]robation, like incarceration, is "a form of criminal sanction imposed by a court upon an offender after a verdict, finding, or plea of guilty . . . [It] is simply one point (or, more accurately, one set of points) on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service.

*Id.* at 874 (citations omitted).

Finally, while the plaintiff in *Heck* sought monetary damages, the *Heck* bar applies

equally to claims for equitable relief, such as injunctions.³ *See Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002); *see also White v. Gittens*, 121 F.3d 803, 806 (1st Cir. 1997)(applying *Heck* to claim for declaratory relief); *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 423 (5th Cir.), *cert. denied*, 122 S.Ct. 1992 (2002)(Section 1983 plaintiff's sought an injunction prohibiting the state from appointing incompetent counsel to death row inmates; plaintiff's claims were not actionable under Section 1983 because a judgment in the plaintiffs' favor was likely to "effectively determine the validity of their death sentences").

Because the plaintiff is seeking precisely what *Heck* prohibits -- a judgment that would invalidate his sentence -- the plaintiff's § 1983 claims are not cognizable. *See, e.g., Heck*, 512 U.S. at 486-87, 490; *Harvey*, 278 F.3d at 374 (following *Heck*, a § 1983 plaintiff did not have a cognizable claim for injunctive relief because his underlying conviction had not been terminated in his favor). The plaintiff's complaint should therefore be dismissed.

B. <u>The Plaintiff's Claim Is Barred by the Supreme Court's Decision in *Younger v. Harris*, 401 U.S. 37, 46 (1971).</u>

In addition to being barred by the *Heck* doctrine, the plaintiff's claim is also barred by the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 46 (1971), which holds that a federal court should not enjoin a pending state criminal proceeding. Since the Massachusetts

---

³ To the extent that the plaintiff is seeking damages other than prospective, injunctive relief, this claim is barred by the Eleventh Amendment. *See, e.g., Ex Parte Young*, 209 U.S. 123 (1908). Under the Eleventh Amendment, the Commonwealth of Massachusetts, its agencies, and departments are not subject to suit in federal court, regardless of whether damages or equitable relief is sought. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). The only exception to this general bar is the case in which a plaintiff challenges the constitutionality of the Commonwealth's actions and seeks only prospective, injunctive relief. *See Willl v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989).

Superior Court has retained jurisdiction over the plaintiff's case and may modify the terms of the plaintiff's probation, this federal Court may not step in to alter or control the state court's determination of the issue.

"The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" *In re Justices of the Superior Court Department of the Massachusetts Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000), quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971). In *Younger,* the plaintiff filed a complaint in federal court and sought an injunction against a criminal proceeding then pending against him in state court. *Younger v. Harris*, 401 U.S. at 38-39. The Supreme Court reversed the district court's injunction "as a violation of national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id*. at 41. The considerations of comity and federalism that drive the *Younger* doctrine indeed are well established:

> State courts are the principal expositors of state law. Almost every constitutional challenge ... offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests. When federal courts disrupt that process of mediation while interjecting themselves in such disputes, they prevent the informed evolution of state policy by state tribunals....The price exacted in terms of comity would only be outweighed if the state courts were not competent to adjudicate federal constitutional claims--a postulate we have repeatedly and emphatically rejected.

*Moore v. Sims*, 442 U.S. 415, 429-30 (1979). The question of whether a federal court should abstain under *Younger* principles is directed not by the state's "interests in the outcome of the particular case...[but] [r]ather...the importance of the generic proceedings to the State." *New Orleans Pub. Serv., Inc. v. New Orleans*, 491 U.S. 350, 365 (1989). As the has repeatedly been noted, "[o]ne of the weightiest of state interests is that favoring speedy, efficient, and

8

uninterrupted disposition of criminal cases." *Justices of the Boston Municipal Court v. Lydon*, 466 U.S. 294, 333 (Stevens, J., concurring).

There is no question that the Massachusetts Superior Court had retained the ability to require the plaintiff to comply with the terms of his probation, and to extend or alter those terms as it saw fit. *See* Probation Contract, Exhibit B. Indeed, the plaintiff's Probation Contract clearly states that the plaintiff is expected to return to the Superior Court on September 20, 2014 -- ten years after his discharge from prison -- to report on the progress of his probation. *See id.* Absent any "special circumstances," *Younger* abstention mandates that this Court not issue the requested injunctive relief. The plaintiff appears to ask this Court to determine that the state court's oversight of his probation cannot be effective and to ask this Court to invalidate at least some of the terms of his probation for that reason. However, the plaintiff has not made any showing as to why the Massachusetts trial court could not address the issues he raises relative to his probation. The plaintiff's request for a preliminary injunction must be denied. *See Fenner v. Boykin*, 271 U.S. 240, 243-44 (1926)(stating that an injunction staying a state criminal proceeding could issue only under very special circumstances, even with respect to criminal proceedings not yet formally instituted).

Further, there exists only an exceedingly limited exception to *Younger* abstention: a federal plaintiff must demonstrate that extraordinary circumstances exist in the state court, such as bad faith or harassment, that result in the state court being "incapable of fairly and fully adjudicating the federal issues before it." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). The Supreme Court has construed these "special circumstances" very narrowly. *See id.; Perez v. Ledesma*, 401 U.S. 82, 83, 85 (1971).

Here, there are no such special circumstances allowing the federal Court to enjoin the state proceeding. In order to obtain an order from this Court enjoining the state court from taking action with respect to his probation, the plaintiff "must surpass the normal showing of irreparable injury, and posit the existence of an *irreparable harm both great and immediate*." *Casa Marie, Inc. v. Superior Court of Puerto Rico for the District of Arecibo*, 988 F.2d 252, 262-63 (1st Cir. 1993)(emphasis added). Here, the plaintiff can show no such harm. The plaintiff is free to seek an alteration of the terms of his probation in the state court. *See* Stillwell Aff., ¶ 7. Moreover, the plaintiff is free to worship and practice his religion while he pursues any claims in state court; indeed, the plaintiff's Probation Officer has stated that he would not interpret the "no contact" provisions of the Probation Contract to prevent the plaintiff from attending worship services where children were present, as long as he did not interact with the children. Peck Aff., ¶ 8. The mere fact that the plaintiff is not permitted to reside in a building in which he is likely to have substantial contact with children (such as the one he is in now, which is believed to house a school or day care center) is not immediate and great irreparable harm. *See Casa Marie*, 988 F.2d at 262-63. Indeed, "[a] probation condition is enforceable even if it infringes on a defendant's ability to exercise constitutionally protected rights, so long as the condition is 'reasonably related' to the goals of sentencing and probation." *Commonwealth v. Ken LaPointe*, 435 Mass. 455, 459 (2001); *see also United States v. Peete*, 919 F.2d 1168, 1181 (6th Cir. 1990)("Probation restrictions may affect fundamental rights such as freedom of speech and freedom of association if the conditions are primarily designed to meet the ends of rehabilitation and to protect the public"). Since the petitioner cannot show an extraordinary danger of great and immediate harm, he does not fall into an exception from the *Younger* doctrine, and this

Court should decline to issue the injunction he seeks.

## Conclusion

For the foregoing reasons, Defendants Suffolk County Superior Court Probation Department and Worcester County Superior Court Probation Department respectfully request that this Court deny the plaintiff's motion for a preliminary injunction and dismiss the plaintiff's complaint in its entirety.

          Respectfully submitted,

          Suffolk County Superior Court Probation
          Department and Worcester County Superior
          Court Probation Department,

          By their attorney,

          THOMAS F. REILLY,
          ATTORNEY GENERAL,

          _____
          Maura D. McLaughlin
          Assistant Attorney General
          Criminal Bureau
          One Ashburton Place
          Boston, Massachusetts 02108
          (617) 727-2200 ext. 2857
          BBO No. 634923

Dated: October 26, 2004

## **CERTIFICATE OF SERVICE**

     I hereby certify that I plan to serve a true copy of the above document by hand upon the plaintiff, Shareef Abdul Qadeer, on October 26, 2004, at the court hearing on this date.

                                                                                                      _____
                                                                                                      Maura D. McLaughlin