UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAREEF ABDUL QADEER,　　　　　　　　)
　　　　Plaintiff　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　)　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　　)　　NO. 04-12195-REK
SUFFOLK SUPERIOR COURT PROBATION　　　)
and　　　　　　　　　　　　　　　　　　　)
WORCESTER SUPERIOR COURT　　　　　　　)
PROBATION,　　　　　　　　　　　　　　　)
　　　　Defendants　　　　　　　　　　　)

**Memorandum and Order**
October 26, 2004

**I. Pending Matter**

Currently pending before this court is a matter related to the following filings:

(1) Complaint (Docket No. 2) (filed October 20, 2004); and

(2) Opposition to Request for Preliminary Injunction (Docket No. 6) (filed October 26, 2004) and Exhibits A-D (Docket No. 7) (filed October 26, 2004).

**II. Factual and Procedural Background**

Judge Gorton accurately summarized the case as follows:

On October 20, 2004, plaintiff Shareef Abdul Qadeer filed an application to proceed in forma pauperis and a complaint seeking "immediate relief" from a directive from the Suffolk Superior Court Probation office that, as a condition of his probation, Qadeer may not "live, work, or pray where ever [sic] children are present." Compl.

According to the "Superior Court Probation Contract" of the Worcester County Superior Court (the "Contract") attached to his complaint, on September 21, 2004, Qadeer agreed that conditions of his probation include "[n]o contact with children under the age of 16" and "[n]o employment that involves children or has contact with children under 16." Id.

Qadeer alleges that he is currently living at a mosque complex in Roxbury, MA. A family with two small children also lives in the same building, but in a separate apartment. In the course of his worship, Qadeer "pray[s] with children under the age of 16" but is allegedly "never alone with any children." Id.

Qadeer claims that on October 20, 2004, an unnamed officer of the Suffolk Superior Court Probation "stated that [Qadeer] could not live, work or pray at [his] mosque or any other mosque where children under 16 are present" and that Qadeer "cannot live, work or pray where children are present." Id. Qadeer alleges that this prohibition violates his right "to freedom of religion," and he states that children under the age of sixteen are present at "practically every [apartment] or house."

Qadeer asks that the court construe the term "contact" in his probation contract. He seeks "immediate relief as this is the Month of Ramadan, and [he] wish[es] to stay in the Mosque and continue my work there [a]s [he] ha[s] no place to live or a job." Id. He also requests unspecified damages.

### III. Discussion

Qadeer seeks an injunction from this court to set aside a condition on his probation barring contact with children under the age of 16 in order to allow him to live, pray, and work in a mosque and damages. Although not stated by Qadeer, the relief he seeks against the state

presents two different claims. The first claim is a request that this court rule that the imposition of the no contact provision of Qadeer's probation unconstitutionally violates his First Amendment rights. Such a claim must be classified as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. The second claim is a request for damages for the unconstitutional deprivation of Qadeer's First Amendment rights. This claim must be classified as a claim for relief pursuant to 42 U.S.C. § 1983.

Since Qadeer has not exhausted his state remedies as required by § 2254, his petition for habeas corpus must be dismissed with leave to refile once state remedies are exhausted.

Although § 1983 does not contain an exhaustion requirement, if granting judgment in the plaintiff's favor will invalidate his sentence, no claim exists under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Since the provisions of Qadeer's probation have not been "reversed, expunged, invalidated, or impugned," I must dismiss his § 1983 claim with prejudice.

## Order

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's habeas corpus petition is DISMISSED without prejudice and

(2) Plaintiff's claim pursuant to 42 U.S.C. § 1983 is DISMISSED with prejudice.

/s/Robert E. Keeton

Robert E. Keeton
Senior United States District Judge